UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYDON CLYDE TETON,<br><br>                Plaintiff,<br><br>    v.<br><br>FEDERAL DETENTION CENTER SEATAC, et al., | CASE NO. 2:24-cv-01615-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Rydon Clyde Teton, was convicted in the United States District Court for Idaho and has filed a *pro se* complaint. He is now serving his Idaho sentence at the Federal Detention, SeaTac ("FDC"). As Defendants, he names: the FDC; the United States Marshal's Service in Washington, Idaho, and Wyoming; the federal bureau of prisons; and the United States. *See* Complaint, Dkt. 8.

The Court is required to review prisoner complaints against a governmental entity and must dismiss complaints that are frivolous, malicious, fail to state a claim for relief or seeks monetary relief from immune defendants. *See* 28 U.S.C. § 1915A. The Court has reviewed Plaintiff's complaint and finds the claims presented are deficient and thus the complaint should not be served at this point. Claim I presents two different allegations. The allegations regarding acts committed in Idaho are not properly before this Court and should be dismissed without

REPORT AND RECOMMENDATION - 1

prejudice. The allegations regarding medical care at the FDC are unclear and lack sufficient facts. Plaintiff should thus file an amended complaint to cure this deficiency, or face dismissal of the claim.

Count II fails to set forth facts that state a claim for relief. Plaintiff alleges without stating any facts in support that the FDC is liable because he is in danger of being killed by gangs. A conclusory statement against unnamed individuals is insufficient. However, as Plaintiff proceeds *pro se* the Court will grant him leave to file an amended complaint.

Count III revolves around how the actions of Courts in other federal districts have violated Plaintiff's rights, including Plaintiff's federal conviction in the District of Idaho. These allegations are not properly before the Court and should be dismissed.

For the reasons set forth in more detail below, the Court recommends: (1) the allegations in Count I regarding medical treatment in Idaho be dismissed without prejudice; (2) the entirety of the allegations in Count III be dismissed with prejudice; (3) Plaintiff be directed to file an amended complaint that sets forth sufficient facts to state a claim for relief regarding medical treatment at the FDC, within 21 days of adoption of this report and recommendation or face dismissal of this matter.

## DISCUSSION

Plaintiff alleges in Count I of his complaint "medical." Dkt. 8 at 4. In support, Plaintiff claims he alleges he lost vision in his right eye after consuming "Haloperdol" a "mental health medication" at the Bannock County Jail in Pocatello, Idaho. While he was in Idaho, he sought administrative remedies and was referred to an eye-doctor, who after examination referred Plaintiff to a retinal specialist. *Id.* at 5. This claim is presented to the wrong federal district because the events underlying this claim all occurred in Idaho and involve defendants who reside

REPORT AND RECOMMENDATION - 2

in that federal district. *See* 28 U.S.C. 1391. This claim should thus be dismissed without prejudice. If Plaintiff seeks to pursue this claim, he should file his complaint in the District of Idaho.

Plaintiff also alleges in Count I he requested medical attention for problems with his feet starting about February 2, 2024, but received no "answers." He further claims on September 6, 2024, he was "on mental health watch . . . 24 hour lockdown." *Id.* at 5. He alleges he has pain and suffering, cruel and unusual punishment, HIIP rights violations, medical negligence, and civil rights violations. *Id.*

This portion of Count I appears to be an attempt to raise a claim that Defendants violated Plaintiff's Eighth Amendment rights by acting with deliberate indifferent to a serious medical need. An Eighth Amendment claim may be brought under 42 U.S.C. § 1983. Section 1983 requires Plaintiff to show (i) he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Causation of harm must be individualized and focus on an individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under 42 U.S.C. § 1983. *Lemire v. California Dep't of Corrs. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor

REPORT AND RECOMMENDATION - 3

may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation, or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson* v. *City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

Here, Plaintiff's claim regarding medical treatment at the FDC is deficient because it fails to state who denied Plaintiff medical care or how or why his condition was serious. Additionally, a prison official violates the Eighth Amendment only if they are "deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081–82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (additional internal quotation marks and citation omitted).

To present an Eighth Amendment medical claim, Plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, Plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122.

REPORT AND RECOMMENDATION - 4

1    Deliberate indifference is shown where a prison official "knows that inmates face a
2 substantial risk of serious harm and disregards that risk by failing to take reasonable measures to
3 abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Under this standard, the prison official
4 must not only 'be aware of the facts from which the inference could be drawn that a substantial
5 risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*,
6 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).
7    In medical cases, this requires a showing of: "(a) a purposeful act or failure to respond to
8 a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*,
9 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "More generally, deliberate indifference may
10 appear when prison officials deny, delay or intentionally interfere with medical treatment, or it
11 may be shown by the way in which prison physicians provide medical care." *Id.* (internal
12 quotation marks omitted). A "prisoner need not show his harm was substantial." *Id.* (internal
13 quotation marks omitted); *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the
14 defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.")
15    Here, Count I alleges inattention to Plaintiff's feet. This barebones allegation that fails to
16 name any individual who was inattentive, or the severity of the medical condition is insufficient
17 to set forth an Eighth Amendment violation. Plaintiff proceeds *pro se* and should thus be granted
18 leave to file an amended complaint that sets forth facts sufficient to state a claim for relief.
19    In Count II, Plaintiff alleges "5K1.1 investigations federal detention center SeaTac
20 syndicate organization." *Id.* at 6. In support, Plaintiff alleges:

> Handed in drugs purchased in the inmate population payed off
> drug debts by commissary transactions which are on camera in unit
> DB FDC SeaTac and payed drug debts by transactions from my
> bank account … Numerous transactions were made from SEI-
> Credit Union … numerous transactions were made … Shane Buhn
> and wife . . . family Northern Idaho for methamphetamine, suboxin

REPORT AND RECOMMENDATION - 5

>strips and SPICE, witness inmate Gilbert …cellmate …make big transactions from Anchorage . . . and gang affiliation.

*Id* at 6-7. Plaintiff alleges these events have cause pain and suffering, cruel and unusual punishment, danger of being killed by gangs, confidentiality, and an inmate spitting in his face. *Id.* at 7.

The allegations set forth in Count II largely fail to state a claim upon which relief may be granted. The only allegation that might state a claim is Plaintiff's claim he is in danger of being killed by gangs while in prison. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.1988)) ("[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners."). Plaintiff's current complaint makes a conclusory statement that he is in danger of being killed by gangs. Plaintiff must set forth facts to show this is indeed the case, name defendants who are aware of this, and describe how or why the defendants' actions violate Plaintiff's rights. As Plaintiff proceeds *pro se* he should be given leave to file an amended complaint that sets forth facts to support this allegation.

And lastly, in Count III, Plaintiff alleges ongoing civil rights cases United States Courts Boise . . . two estates . . . the Shoshone-Bannock Indian Reservation . . . Wyoming, Utah, Montana, Oregon . . . stolen Indian Child, "enduring victimization a current ongoing investigation United States Courts for the District of Idaho, U.S. Marshal Services, Idaho cases numbers  4:24-cv-00376-DCN and 4:18-cr-00236, Judge Nye; objected to an open case related to cases habeas corpus 2:24-cv-01162-RAJ; pain and suffering, cruel and unusual, criminal negligence, confidentiality, no child left behind. *Id* at 8.  To the extent Plaintiff has ongoing civil cases that are pending in other federal district courts, those cases are not properly before this Court. To the extent Plaintiff contests his criminal conviction in the District of Idaho, and seeks

REPORT AND RECOMMENDATION - 6

federal habeas relief, that matter is also not properly before this court. *See Teton v. U.S. District Court*, 2:24-cv-01162-RAJ (Dismissal of Plaintiff's 2241 habeas petition challenging his Idaho conviction as duplicative of Plaintiff's 2255 motion filed in Idaho, and as incorrectly filed in this district).

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 13, 2024.** The Clerk should note the matter for **November 15, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 29th day of October, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge