UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYDON CLYDE TETON,

          Plaintiff,

  v.

FEDERAL DETENTION CENTER SEATAC, et al.,

          Defendant.

CASE NO. 2:24-cv-01615-JCC-BAT

**ORDER DENYING APPOINTMENT OF COUNSEL, DKT.**

Plaintiff, a prisoner at the Federal Detention Center, SeaTac, filed a *pro se* civil rights complaint raising several claims. The Court recommended on October 29, 2024 the complaint be found insufficient or filed in the wrong federal district. Dkt. 10.

Plaintiff moves for appointment of counsel, Dkt. 9. The Court, having reviewed Plaintiff's motion and the record **ORDERS:**

(1) The Court **DENIES** plaintiff's motion for counsel. Dkt. 9. As Plaintiff acknowledges, a person filing a civil lawsuit generally has no right to counsel. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for an indigent civil litigant but only if "exceptional circumstances" exist. *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers the likelihood of success on the merits, and the ability of Plaintiff to articulate her

ORDER DENYING APPOINTMENT OF
COUNSEL, DKT. - 1

1   claims *pro se* given the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952,

2   954 (9th Cir. 1983).   Plaintiff argues the Court should appoint counsel because he cannot afford

3   to hire a lawyer, but this rationale applies to most *pro se* prisoner lawsuits and thus is not an

4   exceptional circumstance. Additionally, Plaintiff's claims are currently deficient.

5     (2) The Clerk shall provide Plaintiff a copy of this order.

6     DATED this 7th day of November, 2024.

                _____
                BRIAN A. TSUCHIDA
                United States Magistrate Judge