UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYDON CLYDE TETON,<br><br>                               Plaintiff,<br><br>     v.<br><br>FEDERAL DETENTION CENTER SEATAC, *et al.*,<br><br>                              Defendants. | CASE NO. 2:24-cv-01615-JCC-BAT<br><br>**ORDER OF PARTIAL DISMISSAL AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT** |

This matter comes before the Court on the Report and Recommendation ("R&R") of U.S. Magistrate Judge Brian A. Tsuchida (Dkt. No. 10). Having reviewed the relevant record, the R&R, and there being no objections, the Court ADOPTS the R&R as modified below, DISMISSES several of Plaintiff's claims, and ORDERS Plaintiff to file an amended complaint or face dismissal of this action.

According to the R&R, Plaintiff prisoner brings three civil rights counts against various federal defendants. (Dkt. No. 10 at 1–2.) All three have significant deficiencies. Count I alleges eye injuries that occurred in Idaho, which places this claim in the wrong federal district. (*Id.* at 2–3.) Count I also alleges a later foot injury at Federal Detention Center SeaTac ("FDC-SeaTac"), construed as an Eighth Amendment deliberate indifference claim, but does not state

1  who denied Plaintiff medical care. (*Id.* at 3–4) (*see also Carlson v. Green*, 446 U.S. 14, 20
2  (1980) (extending a *Bivens* cause of action to violations of the Eighth Amendment by federal
3  prison officials)). Count II's only cognizable allegation is that Plaintiff is in danger of being
4  killed by prison gangs, but he does not provide any facts to support this claim. (*Id.* at 6) (*see also*
5  *Farmer v. Brennan*, 511 U.S. 825, 833, 847 (1994)). Finally, Count III alleges a raft of civil
6  rights violations, all of which appear to have occurred outside the state of Washington. (Dkt. No.
7  8 at 7–8.) Again, these matters are not properly before this court. (Dkt. No. 10 at 7.) For the
8  foregoing reasons, the Court therefore ORDERS that:

9      (1)    The allegations in Count I regarding medical treatment in Idaho are DISMISSED
10 without prejudice; the entirety of the allegations in Count III are DISMISSED without prejudice.

11     (2)    Plaintiff shall file an amended complaint regarding the allegation in Count I that,
12 in 2024, FDC-SeaTac failed to provide adequate medical treatment regarding Plaintiff's foot.
13 The amended complaint shall set forth the dates of the alleged constitutional violations; the
14 person or persons involved in denying adequate medical care to Plaintiff; the nature of the
15 condition over which Plaintiff contends he was denied medical care; and the harm caused by the
16 failure to provide medical care. Plaintiff should note that simply alleging a defendant violated his
17 rights is insufficient and will subject his amended complaint to dismissal.

18     (3)    Plaintiff shall file an amended complaint regarding the allegation in Count II that
19 he is in danger of being killed by gangs while he is in prison. The amended complaint shall set
20 forth facts that establish this claim; name defendants who are aware of a substantial danger and
21 fail to protect Plaintiff by reasonable measures; and describe how the defendants' actions violate
22 Plaintiffs' rights.

23     (4)    The Court ADOPTS the R&R, as modified.

C24-1615-JCC-BAT
ORDER OF PARTIAL DISMISSAL AND
DIRECTING PLAINTIFF TO FILE AN
AMENDED COMPLAINT - 2

(5) Plaintiff's motion for summary judgment (Dkt. No. 11) is DENIED as moot.

(6) If Plaintiff files an amended complaint, he shall present the complaint on the form provided by the Court. It must be legibly rewritten or retyped in its entirety, should contain the same case number, and may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. Attachments will not be considered as a substitute for the amended complaint itself. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint. The Court will not authorize service of the amended complaint on any Defendant who is not sufficiently identified or specifically linked to a violation of Plaintiff's rights.

(7) If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein within 21 days of issuance of this order, the Clerk is directed to dismiss this matter and close this case. The Clerk is directed to send copies of this Order to Plaintiff and a prisoner civil rights complaint form.

Dated this 21st day of November 2024.

JOHN C. COUGHENOUR
United States District Judge