UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYDON CLYDE TETON,<br><br>                        Plaintiff,<br><br>    v.<br><br>FEDERAL DETENTION CENTER SEATAC, et al.,<br><br>                        Defendant. | CASE NO. 2:24-cv-01615-JCC-BAT<br><br>**REPORT AND RECOMMENDATION DISMISSING AMENDED COMPLAINTS, DKTS 16, 18 AND 20, AND DENYING COUNSEL, DKT. 19.** |

Before the Court are three Amended Complaints. Dkts. 16, 18, 20. Plaintiff filed the Amended Complaints in response to the Court's November 21, 2024 Order dismissing Counts I and III without prejudice of the original complaint and directing Plaintiff to file an amended complaint no later than December 12, 2024. Dkt. 14. Plaintiff has also filed a motion for appointment of counsel on January 3, 2025. Dkt. 19.

For the reasons below, the Court recommends **DISMISSING** the amended complaints, Dkts. 16, 18, and 20 without prejudice, and **DENYING** appointment of counsel. Dkt. 19.

## BACKGROUND

Plaintiff initiated this action on September 11, 2024 while he was detained at the Federal Detention Center SeaTac. Dkt. 1. On November 21, 2024, the Court issued an Order dismissing Counts I and III of the original complaint without prejudice and directed Plaintiff to file an

amended complaint as to each of the counts in the original complaint no later than December 12, 2024, or the matter would be dismissed. Dkt. 14. Due to Petitioner's transfer to F.C.I. Victorville, the amended complaints Plaintiff mailed to the Court in December, 2024, were docketed on December 16, 2024, Dkt. 16, and December 31, 2024, Dkt. 18. Plaintiff also filed an amended complaint on January 3, 2025. Dkt. 20. The Court has reviewed each of the amended complaints and recommends dismissing this action.

1.   *First Amended Complaint*

On December 16, 2024, Plaintiff filed an "Amended Complaint." Dkt. 6 at 1. Plaintiff's Amended Complaint states he Plaintiff "will set aside" the allegations set forth in Counts I and III of the original complaint. He alleges the "main factor is the allegations in Count II" which he details in the amended complaint. *Id.*

As to Count II, Plaintiff alleges he is now housed at FCI Victorville in California and wishes to "persue his personal safety and reli-of sentence, to be released with my spouse's and U.S. Marshal's services to help investigate throughout the United States. An emergency immediate release of incarceration of emergency transport order to brief hearing U.S.C. Boise, Idaho 837-24 Judge David C. Nye. Civil Courts Judge Candy W. Dale." *Id.* at 2.

Plaintiff further alleges that "this is an amended complaint and I have statements and 2 more allegations against 2 staff members here at F.C.I. Victorville." *Id.* at 3. Plaintiff alleges a Victorville staff member with the last name of "Sue" "threatened" Plaintiff and a female staff member "exposed" Plaintiff's "copout history." *Id.* Plaintiff further contends that he has witnessed "hatred" from numerous corrections officers, and that he has been placed in protective custody at Victorville because he has been "exposed" by staff there. *Id.* at 4. Plaintiff also alleges he has been "hassled" regarding his "computation sheet" *id.* at 5, and that a case manager at

REPORT AND RECOMMENDATION DISMISSING
AMENDED COMPLAINTS, DKTS 16, 18 AND 20, AND
DENYING COUNSEL, DKT. 19. - 2

1 F.C.I. Victorville is corrupt and there is an investigation in "the State Idaho and Washington and
2 the United States." *Id.* at 6.

3   Plaintiff also mentions a Dominican prisoner at F.C.I. Victorville and transactions
4 regarding stamps, and 100 sheets of paper. *Id*. 6-7.  Plaintiff makes additional allegations against
5 Victorville staff regarding "exposing" Plaintiff's "copout" history and that he is fearful of gang
6 members. *Id.* at 7-8.

7   *2.   Second Amended Complaint*

8   On December 31, 2024, Plaintiff filed a second amended complaint (SAC) which states
9 Plaintiff is "submitting the third amended complaint concerning allegations and relevant facts all
10 an entire remedy for the amended complaint."  Dkt. 18.

11   Plaintiff alleges in the SAC that on December 2, 2024, his first cellmate at F.C.I
12 Victorville made comments to Plaintiff which led Plaintiff to allege to "S.I.S Pena" that the
13 cellmate was "pimpn" children. Dkt. 18 at 2. Plaintiff alleges on December 16, 2024, his third
14 cellmate received a disciplinary hearing and that a counselor "exposed" Plaintiff regarding gangs
15 but denied exposing Plaintiff. Plaintiff alleges he also put in numerous "copouts" dated
16 December 24, 204 alleging cruel and unusual punishment. *Id.*

17   Plaintiff's SAC acknowledges an amended complaint supersedes all prior complaints and
18 concludes by stating "Here comes now Plaintiff Rydon #10638-23 in the 3rd of 3 remedys all in
19 one entire Amended Complaint." *Id. 3*.

20   *3.   Third Amended Complaint*

21   On January 3, 2025, Plaintiff filed a Third Amended Complaint (TAC) which states
22 "Comes now Plaintiff Rydon c. Teton #10638-023 a pro se litigant in an amended complaint to
23 allegation II (2)." Dkt. 20 at 1. The TAC alleges Plaintiff requested protective custody because

he was threatened by case manager at F.C.I. Victorville, due to Plaintiff's "cop out" history and exposure of this history by another Victorville staff member. *Id.* Plaintiff alleges there are at least three witnesses at Victorville supporting his allegations and further that he has "pointed out" to Victorville staff there are inmates at the prison who want to harm Plaintiff for his "5K1.1 snitch inmate copout history." *Id.* at 2. The TAC further states that Plaintiff wishes to "add this amended complaint to the 12-7-2024 amended complaint to Allegation II (2)." *Id.* at 3.

## DISCUSSION

The Court has reviewed Plaintiff's December 16, 2024 amended complaint, Dkt. 14, the Second Amended Complaint (SAC) filed December 31, 2024, Dkt. 16, and the Third Amended Complaint (TAC). Dkt. 20. The Court earlier advised Plaintiff that an amended complaint acts as a complete replacement of the original complaint and not as a supplement, Dkt. 14, and Plaintiff acknowledges the same in both his SAC and his TAC.

Plaintiff's three amended complaints indicate he wishes to pursue the allegations contained in count II of the original complaint. In specific, Plaintiff now makes allegations in each of the three amended complaints against federal detention staff or inmates at Plaintiff's current prison F.C.I. Victorville, a Federal Bureau of Prison's facility located in the State of California.

28 U.S.C. § 1391(e)(1) governs venue in a suit against the federal government and federal officials. Venue in such a suit lies "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). All defendants referenced in the three amended complaints reside in California, and all events giving rise to the

claims contained in the amended complaints occurred in California. As such, venue regarding Plaintiff's three amended complaints does not lie in the Western District of Washington but in the Central District of California, where F.C.I. Victorville is located.

When an action is lodged in the wrong federal district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). F.C.I Victorville is located in the Central District of California. The Court finds it appropriate to dismiss the amended complaints without prejudice rather than transfer this matter to the Central District of California. This is an appropriate course of action because a dismissal without prejudice allows Plaintiff to file a complaint regarding allegations contained in the amended complaints which occurred in December 2024, in the Central District of California if he so chooses. Plaintiff should note that if he seeks to file a lawsuit against Defendants at F.C.I. Victorville, he should **not** file his lawsuit in the Western District of Washington.

Plaintiff also moves for appointment of counsel. Dkt. 19. A person filing a civil lawsuit generally has no right to counsel. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for an indigent civil litigant but only if "exceptional circumstances" exist. *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers the likelihood of success on the merits, and the ability of Plaintiff to articulate her claims *pro se* given the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, Plaintiff's amended complaints have been brought in the wrong federal district, and accordingly there is no basis to appoint counsel in this district.

For the foregoing reasons, the Court RECOMMENDS:

(1) The Amended Complaint, Dkt. 16, the Second Amended Complaint, Dkt. 18, and the Third Amended Complaint, Dkt. 20, be DISMISSED without prejudice.

(2) Plaintiff's motion for appointment of Counsel be DENIED.

(2) Plaintiff be notified that any lawsuit against staff at F.C.I. Victorville should be filed in the Central District of California, not this district.

**OBJECTIONS**

This Report and Recommendation is not an appealable order. Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **February 4, 2025.** The Clerk shall note the matter for **February 7, 2025**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 21st day of January, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge